**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **VICTOR GILBERTO GARCIA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1614-KC** |
| | § | |
| **TODD BLANCHE et al.,** | § | |
| | § | |
| **Respondent.** | § | |

## <u>ORDER</u>

On this day, the Court considered Victor Gilberto Garcia's Petition for a Writ of Habeas Corpus, ECF No. 3.  Garcia is detained at the El Paso Service Processing Center.  *Id.* ¶ 2.  He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 31–43.

Garcia entered the United States in 2022, and after seven days in detention, he was released on parole.  *Id.* ¶ 15.  On April 18, 2026, he was detained by immigration authorities after an arrest by local law enforcement.  *Id.* ¶ 18.  In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Garcia's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation.  *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025)."  Show Cause Order 2.  The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Garcia's case warrant a different outcome."  *Id.*

Respondents argue that Garcia's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Resp. 1, ECF No. 5.

Garcia argues that his detention without an opportunity for a meaningful individualized custody determination is unlawful on constitutional due process grounds.  Pet. ¶¶ 31–43.  The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Garcia's position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  Therefore, to the extent Garcia raises a statutory claim, Respondents are correct that *Buenrostro-Mendez* requires the denial of the Petition in part as to the statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted).  "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'"  *Id.* at *2 (citations omitted).  Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez."  *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them.  *Compare* Resp. 1–25, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88.  Because Respondents have not

2

identified any material differences between Garcia's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Garcia's procedural due process claim, it follows that the same result is warranted here.  *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Garcia's Petition is **GRANTED IN PART** on procedural due process grounds.[2]

The Court **ORDERS** that, **on or before June 30, 2026**, Respondents shall either: (1) provide Garcia with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Garcia's continued detention; or (2) release Garcia from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before June 30, 2026**, Respondents shall **FILE** notice informing the Court whether Garcia has been released from custody.  If Garcia has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph.  Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

---

[1] To the extent there are any fact disputes, the Court resolves them in Respondents' favor, *see* Resp. 3, and therefore grants relief without a hearing.  *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Garcia's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either.  *See, e.g., Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

**IT IS FURTHER ORDERED** that if Garcia is released from custody, Respondents shall **RETURN** all of his personal property in Respondents' custody, without which his liberty interest will be affected, to him upon release.  Such property includes, but is not limited to, identification documents.

<u>**There will be no extensions of the June 30, 2026, deadlines**</u>, unless they fall on a weekend or a holiday, in which case, the deadlines are extended to the following business day.

<u>**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**</u>.

**SO ORDERED**.

**SIGNED this 23rd day of June, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

4